**FILED**

**JANUARY 18, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| POINTERS, CLEANERS AND CAULKERS SUBORDINATE UNION LOCAL 52 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) | **08 C 421** |
| **Plaintiff,** | ) ) | Case No. |
| v. | ) ) | Judge: **JUDGE GETTLEMAN** |
| UNITED MASONRY RESTORATION, INC., | ) ) | **MAGISTRATE JUDGE SCHENKIER** |
| **Defendant.** | ) |  |

## COMPLAINT

Plaintiff Pointers, Cleaners and Caulkers Subordinate Union Local 52 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Local 52"), through its attorneys, Dowd, Bloch & Bennett, by way of complaint against United Masonry Restoration, Inc., states as follows:

1.      The court has jurisdiction over this matter and venue is proper pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185(a) and (c).

2.      Local 52 is a labor organization within the meaning of 29 U.S.C. §152(5), and maintains its principal place of business within this district.

3.      Defendant United Masonry Restoration, Inc. (the "Contractor"), is an Illinois corporation that does business within this district and is an "employer" within the meaning of 29 U.S.C. §152(2).

4.      On or around August 1, 2007, the Contractor entered into a short-form collective bargaining agreement with Local 52.

5.      The collective bargaining agreement has remained in effect since it was signed.

6.      The collective bargaining agreement incorporates the substantive terms of the master agreements negotiated from time to time between Local 52 and the Tuckpointing Contractors Association, Inc. (the "Association Agreement"), the most recent of which is effective June 1, 2006 through May 31, 2010.

7.      Article XXII, Section 22.4 of the Association Agreement provides that all employers that are bound to labor contracts with Local 52  must provide a surety bond in an amount determined  on the basis of the number of its employees.

8.      The form of the bond that is required is attached as Exhibit A.

9.      Article XXII, Section 22.4 of the Association Agreement provides that if  an employer fails to provide a bond as required, Local 52 may, among other things, seek immediate relief in any court of proper jurisdiction, that if Local 52 utilizes the provision of the contract to obtain an order requiring that a bond be furnished, Local 52 will be entitled to recover from the employer all reasonable legal fees and costs;  and that an employer that fails to provide the bond within one week of being informed of the obligation  to do so is prohibited from performing any work covered by the labor contract.

10.      In accordance with the labor contract, the Contractor is required to post a bond in the amount of $5,000.00.

11.      By written agreement dated September 10, 2007, the Contractor and Local 52 agreed that the Contractor could prove a cash bond to Local 52 in the amount of $5,000 to satisfy its bond requirement under the labor agreement and that the Contractor could fund the $5,000 cash bond by paying a first installment of $2,200 and a second installment of $3,800 within 30 days. (Exhibit B).

2

12.      The Contractor paid Local 52 the first installment of $2,200 toward the cash bond, but has not paid the second installment of $2,800 which is required by the agreement.

13.      On or about November 28, 2007 and again on or about December 27, 2007, Local 52 or its attorneys notified the Contractor by letter that it was required to provide a bond in accordance with the contract or to increase the cash bond by $2,800.

14.      Notwithstanding its obligation to do so and the notification from Local 52 and its attorney, the Contractor has failed to obtain and provide the bond in the amount required.

15.      The Contractor's actions constitute a breach of collective bargaining agreement, and put Local 52,  its members, and the fringe benefit trust funds named in the labor contract at risk that obligations owed by the Contractor will  not be met because the security required by the contract is not available.

WHEREFORE, Local 52 respectfully asks that judgment be entered against United Masonry Restoration, Inc., as follows:

(1)  Ordering  it to obtain and provide Local 52 with a bond in the total amount of $5,000 in the form provided in Exhibit A or, in the alternative, to provide a payment to Local 52 in the amount of $2,800.00 to supplement the $2,200.00 that Local 52 is holding as a cash bond;

(2)  Ordering it to reimburse Local 52 for all legal fees and costs incurred  in pursuing this action;

(3)  Ordering it to cease performing any work within the geographic and craft jurisdiction of Local 52, regardless of the name or business form under which it performs such work, until it has provided the bond, or made the payment required, and has paid the legal fees and costs; and

(4)  Granting such other relief as this Court deems just and proper.


Respectfully submitted,

/s/ Michele M. Reynolds

_____
Michele M. Reynolds
Attorney for
 Pointers, Cleaners and Caulkers
 Union, Local 52 of the International
 Union of Bricklayers and Allied
 Craftworkers.


Barry M. Bennett
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361

\\Server2k\Data\EFILE\B - Local 52 Bonds\United Masonry\Complaint.wpd