IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POINTERS, CLEANERS AND CAULKERS SUBORDINATE UNION LOCAL 52 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | )<br>)<br>)<br>)<br>) Case No. 08 C 421 |
| Plaintiff, | )<br>) Judge Gettleman |
| v. | )<br>) Magistrate Judge Schenkier |
| UNITED MASONRY RESTORATION, INC., | )<br>) |
| Defendant. | ) |

**PLAINTIFF'S AGREED MOTION FOR SUPPLEMENTAL JUDGEMENT AND TURN OVER ORDER DIRECTED AT JPMORGAN CHASE BANK, N.A.**

Plaintiff Pointers, Cleaners and Caulkers Subordinate Union Local 52 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union"), by and through its attorneys Dowd, Bloch & Bennett, respectfully moves this Court for an order directing Third-Party Respondent JPMorgan Chase Bank, N.A., ("Chase"), to turn over to the Union the amount of $7,360.20, which is currently held by Chase in the account of United Masonry Restoration, Inc., an Illinois corporation ("United"), pursuant to a third-party citation to discover assets that was previously served upon Chase. In support of its motion, the Union states as follows:

1. This action is a claim under § 301 of the Labor-Management Relations Act, 29 U.S.C. 185, to enforce a labor contract.

2. On March 27, 2008, this Court entered judgment by default in favor of the Union and against United in the total amount of $4,502.25. (Exhibit A.)

3. As of May 22, 2008, United had not paid anything toward the judgment.

4. On May 22, 2008, the District Court Clerk issued a third-party citation to

1

discover assets against Chase, which the Union served upon Chase on or around May 22, 2008 (Exhibit B), regarding amounts held in any accounts belonging to United.

5. Notice of the third-party citation was served on United, in its status as judgment-debtor, within three business days of service of the third-party citation upon Chase or on or around May 27, 2008. (Exhibit C.)

6. On or about June 6, 2008, Chase answered the third-party citation admitting that it was holding approximately $9,004.50 from United's account. (A copy of the citation answer is attached as Exhibit D.)

7. Federal Rule 69(a) provides in part as follows:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held.

8. Pursuant to the practice and procedure of the State of Illinois, citation proceedings in aid of and to execute on judgments require persons to hold property subject to court order:

> To the extent of the amount due upon the judgment and costs, the garnishee shall hold, subject to the order of the court any non-exempt indebtedness or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has any interest. 735 ILCS § 5/12-707(a).

9. Furthermore, pursuant to Illinois practice and procedure, this Court has the power to order a turnover or delivery of the property in Chase's possession:

> If a garnishee refuses or neglects to deliver property in his or her possession when ordered by the court or upon request by the officer holding a certified copy of the judgment for enforcement thereof against the judgment debtor, the garnishee may be attached and punished for contempt. 735 ILCS § 5/12 - 715.

10. 735 ILCS § 5/2 - 1402(c)(4) provides that the court may:

> Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

11. The collective bargaining agreement requires United to pay the Union's fees and costs related to pursuit of a bond, which is the basis of this suit.

12. The Court's March 27 Order awarded the Union attorneys' fees and costs of $1,702.25.

13. Subsequent to the Court's entry of Default Judgment against United, the Union's attorneys have incurred additional attorneys' fees in the amount of $2,857.95, primarily as a result of preparing and serving citations to discover assets on United, Chase, and Burling Builders; communicating with our clients and United, and preparing this motion.

14. The Union requests that this court enter a Supplemental Judgment in the amount of $2,857.95, for the additional fees and costs the Union has incurred.

15. United, by and through its president Jamie Tedeschi, has reviewed this Motion and agrees with its terms as indicated by its signature below.

WHEREFORE, the Union respectfully requests that this Court enter a turnover order in the form of the attached proposed order, directing JPMorgan Chase Bank, N.A., to turn over to the Union $7,360.20 that it is holding from the account of United Masonry Restoration, Inc.

Agreed on Behalf of United Masonry Restoration, Inc.:

_____
Jamie Tedeschi

3

10. 735 ILCS § 5/2 - 1402(c)(4) provides that the court may:

Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

11. The collective bargaining agreement requires United to pay the Union's fees and costs related to pursuit of a bond, which is the basis of this suit.

12. The Court's March 27 Order awarded the Union attorneys' fees and costs of $1,702.25.

13. Subsequent to the Court's entry of Default Judgment against United, the Union's attorneys have incurred additional attorneys' fees in the amount of $2,857.95, primarily as a result of preparing and serving citations to discover assets on United, Chase, and Burling Builders; communicating with our clients and United, and preparing this motion.

14. The Union requests that this court enter a Supplemental Judgment in the amount of $2,857.95, for the additional fees and costs the Union has incurred.

15. United, by and through its president Jamie Tedeschi, has reviewed this Motion and agrees with its terms as indicated by its signature below.

WHEREFORE, the Union respectfully requests that this Court enter a turnover order in the form of the attached proposed order, directing JPMorgan Chase Bank, N.A., to turn over to the Union $7,360.20 that it is holding from the account of United Masonry Restoration, Inc.

Agreed on Behalf of United Masonry Restoration, Inc.:

_/s/ Jamie Tedeschi_
Jamie Tedeschi

Respectfully Submitted,

/s/ Steven W. Jados
Steven W. Jados
One of Plaintiff's Attorneys

Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
Dowd, Bloch & Bennett
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361